FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN -7 PM 3: 03

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CEDYCO, CORPORATION<br>PLAINTIFF | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION " " 07-3184 |
| | * | |
| LOUIS O'NEIL SUARD JR., a/k/a,<br>NEIL SUARD, SUARD BARGE SERVICE<br>INC., BABY OIL, INC.,<br>PREMIER SERVICES, INC., AND<br>TEXAS INJECTION, LP, | * | SECT. A MAG 3 |
| | * | MAGISTRATE: " " |
| | * | JURY DEMAND |
| DEFENDANTS | * | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, comes CEDYCO, Corporation, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas, which is authorized to do and is doing business in the State of Louisiana, which respectfully represents as follows:

**I.**

This court has jurisdiction over the claims and matters asserted herein pursuant to 28 U.S.C. §1331, as plaintiff's claims arise under the laws of the United States, specifically 18 U.S.C. §1961, et seq., the RICO Act.



$350.00

1

## II.

Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events given rise to the claim occurred in the Eastern District of Louisiana.

## III.

Made defendants herein are Louis O'Neil Suard, Jr., a/k/a Neil Suard, (hereinafter sometimes referred to as "Suard") a person of the full age of majority and a resident of and domiciled in the Parish of Terrebonne; Suard Barge Service Inc. a corporation organized and existing under the laws of the State of Louisiana; Baby Oil, Inc., a corporation organized and existing under the laws of the State of Louisiana; Premier Services, Inc., a corporation organized and existing under the laws of the State of Louisiana; and Texas Injection, LP, a limited partnership domiciled in the State of Texas; Defendants are indebted unto plaintiff arising out of the following:

## IV.
## FACTUAL BACKGROUND

Plaintiff is the owner of a working interest in an oil and gas lease in the State of Louisiana, specifically in the contract area known as the "CL&F Lease" in the "Deer Island Field" located in Terrebonne Parish Louisiana.

## V.

At all times relevant to this suit, there has been operating in the CL&F Lease area of the Deer Island field an oil and gas production well known as the CL&F #2 well (hereinafter sometimes referred to as "the well".

## VI.

In the spring of 2003 defendant Baby Oil, Inc. apparently took over as operator of the CL&F Lease, including the CL&F #2 well.

2

## VII.

Upon information and belief, Baby Oil, Inc. is owned by defendant Suard Barge Service Inc., which is in turn owned and operated by Louis O'Neil Suard, Jr. Plaintiff alleges upon information and belief that defendant Suard controls all meaningful activities and operations of defendants Suard Barge Service Inc., Baby Oil, Inc., Premier Services Inc., and Texas Injection LP. According to documents filed with the Louisiana Secretary of State, defendant Suard is the president and secretary of Suard Barge Service Inc. Defendant Suard is also the registered agent, president, director, and treasurer of Baby Oil, Inc.

## VIII.

Defendant Premier Services, Inc. is a Louisiana corporation which is owned and controlled by defendant Suard. Records with the Louisiana Secretary of State shows that defendant. Suard is the president, secretary and director of Premier Services, Inc.

## IX.

Defendant Texas Injection, LP is a Texas company which is primarily owned and controlled by defendant Suard. The general partner of Texas Injection LP is believed to be Texas Management LLC, which entity lists Neil Suard as its manager.

## X.

Beginning in June of 2003 defendants Suard, Suard Barge Service Inc., Baby Oil, Inc., Premier Services Inc., and Texas Injection commenced a scheme whereby false, excessive, inflated, and improper expenses were charged against the CL&F #2 well and the CL&F production facility. The defendants caused invoices to be created for services and work which were not performed. Alternatively defendants levied charges for ordinary expenses which were grossly inflated. Thereafter the operator of the well and facility, Baby Oil Inc., paid the false and

improper invoices and charges from the oil and gas revenues from the well, knowing that the expenses were false or unreasonable under the circumstances. Upon information and belief, the defendants continue to operate this scheme through the present time.

## XI.

The scheme devised and employed by defendants under the control and direction of defendant Suard resulted in improper payments to be made to other entities which defendant Suard controlled, including Premier Services, Inc., and Texas Injection LP. Additionally, expenses were charged against the CL&F #2 well for the benefit of Suard Workover Services, Inc., another entity owned and controlled by defendant Neil Suard. The false charges, invoices, and payments resulted in Suard and his companies receiving money which they were not entitled to, and thereby decreasing the net income of the well and the lease, resulting in lower payments being owed to the owners of the lease.

## XII.

Plaintiff and other owners of the interest in the CL&F #2 lease have sought to perform an audit of the revenues, expenses, and payments to owners of interests in the Deer Island Field. However, defendant Baby Oil Inc. has refused to provide necessary information for the audit, in violation of agreements controlling operations and management of the well and the production facility.

## XIII.

Based upon documentation which plaintiff has been able to obtain, including but not limited to statements of alleged charges and expenses, it appears that defendant Baby Oil Inc. has charged approximately one million dollars worth of false and improper expenses against the CL&F #2 well and production facility which are overcharges or expenses for services which

were not actually performed, or otherwise not allowed under the agreements which govern the management and operation of the CL&F #2 well and the production facility.

## XIV.

As a further part of the scheme to defraud plaintiff, defendant Baby Oil Inc. has failed to account for or pay plaintiff any monies representing profits or income from the well since the time that defendant Baby Oil took over operations of the well, despite the fact that the well has produced an estimated ten million dollars in oil and gas revenue since June of 2003.

## XV.

### FIRST CAUSE OF ACTION
### RICO VIOLATION

Plaintiff realleges and reavers the allegations of paragraphs IV through XIV as if copied herein in extenso.

## XVI.

Plaintiff would show that the CL&F Lease in the Deer Island Field, which operates and contains the CL&F #2 well is an enterprise which effects interstate commerce.

## XVII.

Defendants, Louis O'Neil Suard, Jr., a/k/a Neil Suard, Suard Barge Services Inc., Baby Oil, Inc., Premier Services, Inc., and Texas Injection LP are each RICO "persons" pursuant to 18 U.S.C. §1961(3). Each of the defendants has been conducting business through a pattern of racketeering activity, and each participated in the conduct of the affairs of the RICO enterprise, namely the association in fact comprising the entities and individuals which jointly own the CL&F mineral lease and CL&F #2 well. Defendants' actions have thereby affected interstate commerce and are the legal and proximate cause of injuries and damages to plaintiff as set forth herein.

## XVII.

The predicate acts engaged in by defendants, which comprise a pattern of racketeering activity, are as follows:

### WIRE AND MAIL FRAUD

1. Defendant Neil Suard, operating with and through Suard Barge Service, Inc. Baby Oil Inc., Premier Services, Inc., Texas Injection LP, and various other individuals not named as defendants herein, orchestrated a scheme to charge expenses against the CL&F #2 well for services and goods which were not actually performed or supplied, and which defendants knew and should have known were not reasonable or justified under the circumstances, which scheme to defraud Plaintiff was carried out through the use of the United States Mails and Wires in violation of 18 U.S.C. §§ 1341, 1343.  On information and belief the individual uses of the United States Mails and Wires number in the hundreds of discrete acts for the common purpose of carrying out the fraudulent scheme;

2. The scheme to defraud Plaintiff and other beneficial owners of the lease and well was executed by obtaining funds and submitting fraudulent invoicing by wire and mail in interstate commerce.  In response to these invoices, payments were made by wire and mail to the ostensible creditor(s), with each discrete act of wire and mail fraud being completed upon payment of each individual fraudulent invoice orchestrated by Neil Suard and the other defendants.

3. Subsequently, Defendants supplied of the beneficial owners of the lease and well by mail and wire with false accountings purporting to show valid operating charges and expenses being deducted from the revenue generated by the well.

Actually, as indicated above, the accountings were false and rendered with the specific intent to deprive Plaintiff and other beneficial owners of the lease and well of their money and property.

4. Plaintiff reasonably relied on the truth and accuracy of the accountings supplied by defendants whom had been entrusted with operating the well.

5. This fraudulent scheme to charge for services and expenses against the revenue of the well and production facility for work which was not performed, accompanied by false invoicing and periodic false accounting to the plaintiff and other beneficial owners of the well, which scheme to defraud plaintiff was carried out through the use of the United States Mails and Wires in violation of 18 U.S.C. §§ 1341, 1343, constitutes a pattern of racketeering activity under 18 U.S.C. § 1961(1);

## MONEY LAUNDERING

6. The Defendants have engaged in Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(1)(i) and 1956(a)(1)(B)(i), with full knowledge that monetary transactions involving the proceeds of felonious activity (the ill-gotten gains from the racketeering scheme alleged herein), did knowingly, intentionally and willfully conduct and cause to be conducted numerous monetary transactions by financial institutions engaged in, and the activities of which affect, interstate and foreign commerce, with funds actually derived from the pattern of racketeering activity under 18 U.S.C. § 1961(1) [wire and mail fraud], to wit: (1) deposit of revenue generated by the well into a financial institution(s); (2) payments by check and/or wire transfer of these deposited revenues from the well between and

among the defendants in payment of the fraudulent invoices, which transactions concealed the true nature, source, origin and true ownership of the funds transferred; (3) further distribution of the ill-gotten gains from the defendants to shareholders, members, managers or creditors, which distributions were "laundered" for the purpose of making the funds so transferred appear legitimate, thus concealing the fact that said funds were ill-gotten gains derived from the pattern of racketeering activity detailed herein and promoting the racketeering enterprise by permitting the defendants to function and appear as legitimate corporations; and (4) distributing funds by check and wire transfer to pay such items as yearly corporate taxes, state registration fees and other operating expenses for the corporate defendants (Suard Barge Service, Inc., Baby Oil, Inc., Premier Services, Inc., and Texas Injection, LP) in order to maintain an appearance of legitimacy and promote the racketeering enterprise, all of which distributions were "laundered" for the purpose of making the transferred funds appear legitimate, thus concealing the pattern of racketeering activity detailed herein and further promoting the racketeering enterprise;

7. Defendants conducted or caused to be conducted each and every monetary transactions (detailed at Paragraph XIX(3) above) involving criminally derived property knowing in fact that the source of these funds was the unlawful racketeering scheme (constituting specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7)(A), with reference to 18 U.S.C. § 1961(1) [wire and mail fraud]) described herein.

8. Each monetary transaction (detailed at Paragraph XIX(3) above) was performed with specific intent to promote, carry on and further the pattern of racketeering activity described herein, including the use of funds to pay corporate taxes, registration fees and operating expenses in order to maintain an appearance of legitimacy for the corporate defendants, all essential to the RICO scheme.

9. Each monetary transaction (detailed at Paragraph XIX(3) above) was performed by Defendants with specific intent to hide, conceal from Plaintiff and third parties, and disguise the nature, location, source ownership and control of the proceeds of the pattern of racketeering activity described herein.

## XIX.

The wrongful conduct of defendants outlined above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. §1961(5), as all such actions occurred within 10 years and are related and continuing. The pattern of racketeering activity constitutes a continuing open-ended pattern with an identical purpose (to defraud plaintiff and other beneficial owners of the well), result (theft of funds from plaintiff and other beneficial owners), victims (Plaintiffs and beneficial owners of the well), method of commission (wire/mail fraud and money laundering), and are otherwise interrelated by distinguishing acts and characteristics rather than isolated and unrelated events. Moreover, the pattern of racketeering activity has existed for four (4) consecutive years, beginning in June of 2003, and continues to this day, thus threatening long term continued criminal activity.

## XX.

As a result of defendants' wrongful acts and violation of 18 U.S.C. §1962 (c) plaintiff has suffered damages and injuries, including loss of revenues and profits from the CL&F #2 lease.

*As detailed herein, the defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity (wire/mail fraud and money laundering) alleged above, all in violation of 18 U.S.C. § 1962(c).*

### XXI.

As a result of defendants' violation of the RICO Act plaintiff is entitled to treble damages, legal interest, and reasonable attorney's fees, all pursuant to 18 U.S.C. §1964(c).

### XXII.

### SECOND CAUSE OF ACTION
### ALTERNATIVE RICO ALLEGATIONS

Plaintiff realleges and reavers all of the allegations of paragraphs IV through XXI as if copied herein in extensor, including the allegations relating to the pattern of racketeering, effect upon interstate commerce, predicate acts, RICO persons, and plaintiff's damages, but not those allegations relating to the association in fact which constitutes the RICO enterprise in this case.

### XXIII.

As an alternative to the RICO enterprise described in paragraph XVIII, consisting of the association in fact comprising the entities and individuals which jointly own the CL&F lease and CL&F #2 well, plaintiff alleges that Louis O'Neil Suard, Jr. is a person within the meaning of 18 U.S.C. § 1961(3) and the RICO enterprise pursuant to 18 U.S.C. § 1961(4) consists of the following corporate entities managed, operated and controlled by Louis O'Neil Suard, Jr.: Baby Oil, Inc., Premier Services, Inc., and Texas Injection LP.

### XXIV.

*As a result of defendant, Louis O'Neil Suard's, wrongful acts and violation of 18 U.S.C. §1962 (c) plaintiff has suffered damages and injuries, including loss of revenues and profits from the CL&F #2 lease. As detailed herein, defendant, Louis O'Neil Suard, has directly and*

*indirectly conducted and participated in the conduct of the racketeering enterprise's (Baby Oil, Inc., Premier Services, Inc. and Texas Injection, LP) affairs through the pattern of racketeering activity (wire/mail fraud and money laundering) alleged above, all in violation of 18 U.S.C. § 1962(c).*

## XXV.

Plaintiff requests trial by jury.

**WHEREFORE,** plaintiff prays that after due proceedings had, that there be judgment herein in favor of plaintiff and against defendants for all damages which plaintiff has sustained as a result of the defendants' wrongful conduct, including treble damages, reasonable attorney's fees, all costs of this action, interest according to law, and for any additional relief as the evidence may support or that equity and the cause may require.

Respectfully Submitted:
BOOTH & BOOTH
A Professional Law Corporation

VINCENT J. BOOTH (#18565)
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone:   (504) 482-5292
Facsimile:   (504) 482-5847
Email: vbooth@boothandbooth.com
Attorney for CEDYCO, Inc.