UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CEDYCO CORP.**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 07-3184**

**LOUIS O'NEIL SUARD, JR., et al**                            **SECTION  "T" (3)**

### ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for New Trial and/or Reconsideration [Doc. # 80] this Court's prior discovery order [Doc. #74] denying Plaintiff's Motion for Leave to Conduct Depositions Prior to Rule 26 Conference [Doc. # 72].  Defendant filed a formal memorandum in opposition to the plaintiff's motion and the matter was deemed submitted for determination.  For the following reasons, plaintiff's motion for reconsideration is DENIED.

Reconsideration of an order is an extraordinary remedy which courts use only sparingly. Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E. D. La. 2/3/98); *Bardwell v. George G. Sharp, Inc.,* 1995 WL 517120 (E. D. La. 8/30/95).   Courts typically consider several factors in exercising their

1

discretion on a motion to reconsider, to wit: (1) whether the order should be amended to correct an error of law or fact so as to prevent manifest injustice; (2) the availability of new evidence; and (3) an intervening change in the controlling law.  *See, e. g., Motiva Enterprises LLC v. Wegmann,* 2001 WL 246414 (E. D. La. 3/12/2001); *Clay v. Daichi Shipping,* 2000 WL 6269 (E. D. La. 1/5/2000); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E. D. La. 2/3/98).

A motion to reconsider should *not* be used to relitigate old issues that were resolved to the movant's dissatisfaction, to advance new theories, or simply to secure a rehearing.  *See Fontenot v. Mesa Petroleum,* 791 F.2d 1207, 1219 (5th Cir. 1986); *Clay v. Daichi Shipping,* 2000 WL 6269 (E. D. La. 1/5/2000); *Campbell v. St. Tammany Parish School Board,* 1999 WL 777720 (E. D. La. 9/29/99).  That is precisely what the plaintiff asks this Court to do.

In summarizing its argument, plaintiff submits that: (1) defendants have moved to dismiss what is clearly a sufficiently well pled RICO claim for lack of subject matter jurisdiction; (2) defendant's attack goes to the merits (lack of RICO standing due to the absence of injury); and (3) defendants' current pleadings concede that plaintiff does have an interest in the well. [1] Assuming *arguendo* that plaintiff's summary is accurate, the deposition and documentary discovery sought will add nothing but expense to this litigation.  It is the Court's opinion that the instant motion is simply an attempt to secure a rehearing.  Plaintiff does not suggest that reconsideration is necessary to prevent manifest injustice nor does he contend that there has been an intervening change in the controlling law.

Accordingly and for all of the aforesaid reasons,

---

[1] *See* Plaintiff's Memorandum in Support of Motion for New Trial/Reconsideration at pp. 4-5 [Doc. #80].

**IT IS ORDERED** that Plaintiff's Motion for New Trial/Reconsideration # 80 is DENIED.

New Orleans, Louisiana, this 20th day of December, 2007.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**