UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDYCO CORPORATION | CIVIL ACTION |
| VERSUS | NO: 07-3184 |
| LOUIS O'NEIL SUARD, JR., ET AL. | SECTION: "A" (3) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss Plaintiff's Breach of Contract Claim, or in the Alternative to Stay (Rec. Doc. 174)** filed by defendants Louis O'Neil Suard, Jr. a/k/a Neil Suard, Suard Barge Service, Inc., Baby Oil, Inc., Premier Services, Inc., and Texas Injection, LP (collectively "Defendants"). Plaintiff Cedyco Corporation opposes the motion.[1] The motion, set for hearing on June 10, 2009, is before the Court on the briefs without oral argument.

Plaintiff, Cedyco Corporation, has alleged *inter alia* RICO claims against the defendants pertaining to charges imposed against revenue for operating the CL&F #2 well located in Terrebonne Parish, Louisiana. Throughout this litigation Defendants have challenged Plaintiff's standing to bring this lawsuit by questioning Plaintiff's ownership interest in the subject well. Plaintiff's ownership interest in the CL&F #2 is a question governed solely by state law. It is undisputed that the viability of Plaintiff's federal claims hinges on whether Plaintiff owns a

---

[1] Plaintiff concedes that Defendants have a valid point with respect to a stay. (Rec. Doc. 185, Pla. Oppo. at 2).

legally valid interest in the CL&F #2 well.

In May 2004, prior to Cedyco having filed the instant suit, defendant Baby Oil, Inc. filed a declaratory action in Terrebonne Parish seeking a declaratory judgment regarding the true ownership of the CL&F #2 well. Cedyco removed that case to the Eastern District of Louisiana as Civil Action 08-3619 and that case was allotted to Judge Eldon Fallon. Baby Oil's motion to remand is currently pending before Judge Fallon.

Via the instant motion to dismiss, Defendants move to dismiss Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367(c), arguing that the Court should decline to exercise supplemental jurisdiction over the claim because the state-law claim substantially predominates over the federal RICO claims over which the Court has original jurisdiction. Alternatively, Defendants argue that the Court should temporarily stay this matter pending resolution of the ownership issue in the case pending before Judge Fallon.

The Court finds that a short stay of this matter is appropriate given the overlap between this case and Civil Action 08-3619 as to the CL&F #2 ownership issue. The ownership issue is central to both cases and the Court is inclined to believe that if both cases remain in federal court then the two cases should likely be consolidated before the same district judge. On the other hand, if Baby's Oil's declaratory judgment action returns to state court,

and if this Court finds merit to Defendants motion for partial summary judgment as to the RICO claims (Rec. Doc. 178), then the Court would likely be inclined to decline jurisdiction over any remaining state law claims.  Either way, whether in federal or state court, a single judge would be called upon to decide the issues in the two cases without the judicial waste of parallel proceedings and without the danger of inconsistent rulings and concerns of res judicata.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Plaintiff's Breach of Contract Claim, or in the Alternative to Stay (Rec. Doc. 174)** filed by defendants Louis O'Neil Suard, Jr. a/k/a Neil Suard, Suard Barge Service, Inc., Baby Oil, Inc., Premier Services, Inc., and Texas Injection, LP is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** insofar as this matter is **STAYED** and administratively **CLOSED** pending a ruling on the motion to remand pending in Civil Action 08-3619.  The parties shall move to reopen this matter within **ten (10) days** from entry of the ruling on the motion to remand.  The motion is **DENIED** without prejudice in all other respects.

June 17, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE